J-S24016-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: B.L., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: R.M., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 980 EDA 2022 |

Appeal from the Decree Entered March 1, 2022
In the Court of Common Pleas of Wayne County Civil Division at No(s):
2022-00002

| | | |
|---|---|---|
| IN RE: T.L., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: R.M., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 981 EDA 2022 |

Appeal from the Decree Entered March 1, 2022
In the Court of Common Pleas of Wayne County Civil Division at No(s):
2022-00003

BEFORE:   PANELLA, P.J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED AUGUST 12, 2022**

R.M. (Mother) appeals from the decrees, entered in the Court of Common

Pleas of Wayne County, involuntarily terminating her parental rights to her

_____

[*] Retired Senior Judge assigned to the Superior Court.

minor children, T.L. (born Nov. 2017), and B.L. (born Aug. 2016) (Children),[1] pursuant to 23 Pa.C.S.A. § 2511(a)(2). After careful review, we affirm.

Wayne County Children and Youth Services (Agency) first got involved with this family on May 21, 2020, when the Agency developed an out-of-home safety plan for Children after Mother was found to be using methamphetamines and opiates.[2] N.T. Termination Hearing, 2/23/22, at 5. There was a lack of food in the home, and Children had missed several medical appointments and needed extensive dental care including nerve repair, fillings, and tooth extractions from bottle rot. *Id.* at 5-6.

On July 8, 2020, the court adjudicated Children dependent, and Children were placed in foster care with C.U. and L.U. (Foster Family). *Id.* at 7. From August 23, 2021 to February 11, 2022, Children were placed in foster care with their paternal aunt and uncle. *Id.* at 8. Thereafter, Children returned to the home of Foster Family, where they currently reside. *Id.*

On January 26, 2022, Agency filed a petition to involuntarily terminate Mother's parental rights. On the same day, Agency also filed a petition to change the dependency action goal from reunification to adoption. The court held a hearing on February 23, 2022, and, on March 1, 2022, the trial court

---

[1] This Court consolidated these cases, *sua sponte*, pursuant to Pa.R.A.P. 513. *See* Order, 4/27/2022.

[2] The natural father (Father) was also using drugs in the home prior to the safety plan.

terminated the parental rights of both Mother and Father[3] to Children pursuant to 23 Pa.C.S.A. §§ 2511(a)(2) and (b).

Mother filed a timely notice of appeal and Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. She presents the following questions for our review:

1. Whether the [t]rial [c]ourt erred as a matter of law in determining that [Agency] had met its burden of proof in this involuntary termination of parental rights matter?

2. Whether the [t]rial [c]ourt erred as a matter of law in determining that termination of parental rights of [Mother] was in the best interests of [Children]?

Appellant's Brief, at 5 (reordered for ease of disposition).

Our standard of review for matters involving involuntary termination of parental rights is as follows:

The standard of review in termination of parental rights cases requires appellate courts to accept the findings of fact and credibility determinations of the trial court if they are supported by the record. If the factual findings are supported, appellate courts review to determine if the trial court made an error of law or abused its discretion. [A] decision may be reversed for an abuse of discretion only upon demonstration of manifest unreasonableness, partiality, prejudice, bias, or ill-will. The trial court's decision, however, should not be reversed merely because the record would support a different result.

*In re D.L.B.*, 166 A.3d 322, 325 (Pa. Super. 2017) (quoting *In re T.S.M.*, 71 A.3d 251, 267 (Pa. 2013)). The trial court is free to believe all, part, or none

---

[3] There is no indication that Father has filed an appeal.

of the evidence presented and is free to make all credibility determinations and resolve conflicts in the evidence. *In re Diaz*, 669 A.2d 372, 375 (Pa. Super. 1995).

Termination of parental rights is governed by section 2511 of the Adoption Act, 23 Pa.C.S.A. §§ 2511, which requires a two-part analysis:

> Our case law has made clear that under [23 Pa.C.S.A. § 2511], the court must engage in a bifurcated process prior to terminating parental rights. Initially, the focus is on the conduct of the parent. The party seeking termination must prove by clear and convincing evidence that the parent's conduct satisfies the statutory grounds for termination delineated in [s]ection 2511(a). Only if the court determines that the parent's conduct warrants termination of his or her parental rights does the court engage in the second part of the analysis pursuant to [s]ection 2511(b): determination of the needs and welfare of the child under the standard of best interests of the child. One major aspect of the needs and welfare analysis concerns the nature and status of the emotional bond between parent and child, with close attention paid to the effect on the child of permanently severing any such bond.

*In re L.M.*, 923 A.2d 505, 511 (Pa. Super. 2007) (citations omitted). Clear and convincing evidence is defined as evidence that is so clear, direct, weighty, and convincing as to enable the trier of fact to come to a clear conviction, without hesitance, of the truth of the precise facts in issue. *In re Z.P.*, 994 A.2d 1108, 1116 (Pa. Super. 2010).

In this case, the trial court terminated Mother's parental rights pursuant to section 2511(a)(2),[4] which provides:

---

[4] The Agency sought termination under sections 2511(a)(2) and (8); however, the trial court declined to terminate under subsection (8).

(a)  General rule. The rights of a parent in regard to a child may be terminated after a petition filed on any of the following grounds:

. . .

(2) The repeated and continued incapacity, abuse, neglect[,] or refusal of the parent has caused the child to be without essential parental care, control[,] or subsistence necessary for his physical or mental well-being and the conditions and causes of the incapacity, abuse, neglect[,] or refusal cannot or will not be remedied by the parent.

23 Pa.C.S.A. § 2511(a)(2).  The trial court also found that termination was in the best interest of Children under section 2511(b), which requires that the court "shall give primary consideration to the developmental, physical and emotional needs and welfare of the child." 23 Pa.C.S.A. § 2511(b).

We first address whether the trial court abused its discretion by terminating Mother's parental rights pursuant to section 2511(a)(2).

In order to terminate parental rights pursuant to [section] 2511(a)(2), the following three elements must be met:  (1) repeated and continued incapacity, abuse, neglect[,] or refusal; (2) such incapacity, abuse, neglect[,] or refusal has caused the child to be without essential parental care, control[,] or subsistence necessary for his physical or mental well-being; and (3) the causes of the incapacity, abuse, neglect[,] or refusal cannot or will not be remedied. . . .  The grounds for termination due to parental incapacity that cannot be remedied are not limited to affirmative misconduct.  To the contrary, those grounds may include acts of refusal as well as incapacity to perform parental duties.

*In re Adoption of C.D.R.*, 111 A.3d 1212, 1216 (Pa. Super. 2015) (citations removed).

Mother argues there is insufficient evidence to support the trial court's conclusion that she exhibited incapacity, abuse, or neglect regarding Children. Mother states that she is consistent in visiting Children, has a bond with Children, and has maintained employment and treatment for her drug and alcohol use. Appellant's Brief, at 13-15. Specifically, Mother argues that Agency only called one witness, the assigned caseworker, and that the trial court focused primarily on Mother's failed drug tests rather than the totality of circumstances. *Id.* at 15-16. Mother is not entitled to relief.

Instantly, the Agency satisfied all three elements pursuant to section § 2511(a)(2). The Agency established that Mother repeatedly exhibited incapacity, abuse, neglect, or refusal. Mother was drug-screened 51 times since the time of dependency and tested positive for illegal substances 36 times. *See* N.T. Termination Hearing, 2/23/22, at 19; Trial Court Opinion, 4/28/22, at 2. The court found that Mother's continued use of illegal drugs over a nineteen-month period, despite the good faith efforts of Agency to counsel Mother, demonstrates her inability to provide the appropriate parental care necessary for the well-being of Children. *Id.* at 4-5. Although Mother has been attending treatment, the caseworker testified that Mother's treatment counselor had not been informed of Mother's several relapses. N.T. Termination Hearing, 2/23/22, at 28. Therefore, we agree with the trial court that Mother has repeatedly exhibited incapacity, abuse, neglect, or refusal.

Second, the Agency presented evidence that Mother's drug use and continuing incapacity, abuse, neglect, or refusal has caused Children to be without proper parental care. Children suffered from lack of medical care while in the custody of Mother prior to the safety plan, which resulted in a delay in Children's vaccinations, as well as extensive dental problems. *Id.* at 4-6. Additionally, the assigned caseworker testified that Mother attended only 53 of her 76 visitation opportunities (approximately 70%) since the date of dependency. *Id.* at 9-10. The caseworker testified, "[Mother] is engaging and appropriate with [C]hildren. [At] the beginning of the case[,] [Mother] was very consistent in attending visitation, however, starting in March of 2021 visitation did become a bit sporadic and she had missed all of her visits in the month of May of 2021." *Id.* at 10. Despite the fact that Mother was more consistent with visitation after June 2021, the trial court found that Mother's inconsistent visits and continued drug use precluded her from adequately caring for Children.

Third, the Agency established that Mother's incapacity, abuse, neglect, or refusal cannot be remedied at this time. Mother's compliance with the permanency plan and overall progress was minimal at best. *Id.* at 17. Additionally, Mother was discharged from a parenting program, provided by Agency, because she missed several appointments and did not communicate with the program. *Id.* at 21. Despite the bond between Mother and Children, the trial court found that, based on her minimal progress and relapses, Mother

is unlikely to remedy her inability to properly care for Children. We agree with the trial court that Agency presented clear and convincing evidence that the parental rights of Mother should be terminated pursuant to 23 Pa.C.S.A. § 2511(a)(2). ***See*** Trial Court Opinion, 4/28/22, at 1-2.

Further, the trial court correctly found that Agency met its burden of proof because the evidence provided was clear and convincing. The trial court did not abuse is discretion by finding the caseworker's testimony credible, and Mother's counsel had the opportunity to cross-examine the caseworker. "[W]e must defer to the trial judges who see and hear the parties and can determine the credibility to be placed on each witness[.]" ***In re R.J.T.***, 9 A.3d 1179, 1190 (Pa. 2010)***.*** Additionally, the caseworker's testimony was scarcely refuted by Mother's own testimony. The only time Mother contradicted the caseworker's testimony was when she denied using methamphetamines on two occasions in February 2022, despite testing positive. N.T. Termination Hearing, ***supra*** at 46. When asked at the hearing why the judge should not terminate Mother's rights, Mother testified, "I don't have a reason as far as why he shouldn't. [I] would like to prove myself. [] I've come along [sic] way [and] I understand that I've had slip-ups, absolutely. I'm not saying that I haven't, so I'm just hoping that it doesn't go that way." ***Id.*** at 47. Therefore, the trial court did not abuse its discretion in determining that the Agency provided clear and convincing evidence of Mother's incapacity to provide

parental care because a trier of fact could conclude, without hesitance, the precise facts in issue of this case. *In re Z.P.*, *supra.*

Instantly, the trial court considered the totality of the evidence, in addition to the positive drug screenings. The trial court evaluated the bond between Mother and Children, the likelihood of Mother to stay sober, Mother's dedication to visitations and parenting programs, and Children's well-being. Children have been in Foster Family's home for a significant period of time and cannot wait any longer for Mother to summon the ability to parent. *See In re B.,N.M.*, 856 A.2d 847, 855 (Pa. Super. 2004) (parental rights are not preserved by waiting for more suitable or convenient time to perform one's parental responsibilities while others provide child with his or her physical and emotional needs). We conclude the court properly found Agency met its burden of establishing termination under section 2511(a)(2) by clear and convincing evidence.

Next, we consider if termination was proper under section 2511(b). Section 2511(b) provides, in relevant part:

> The court in terminating the rights of a parent shall give primary consideration to the developmental, physical and emotional needs and welfare of the child. The rights of a parent shall not be terminated solely on the basis of environmental factors such as inadequate housing, furnishings, income, clothing and medical care if found to be beyond the control of the parent.

23 Pa.C.S.A. § 2511(b).

As this Court has noted, section 2511(b) does not explicitly require a bonding analysis. *In re K.K.R.-S.*, 958 A.2d 529, 533 (Pa. Super. 2008); *see* 23 Pa.C.S.A. § 2511(b). Case law, however, provides that the emotional bond, if any, between parent and child is a factor to be considered as part of our analysis. *Id.* at 533. While a bond between parent and child is a major aspect of the section 2511(b) best-interest analysis, it is nonetheless only one of many factors to be considered by the court when determining what is in the best interest of the child. *Id.*

> [I]n addition to a bond examination, the trial court can equally emphasize the safety needs of the child, and should also consider the intangibles, such as the love, comfort, security, and stability the child might have with the foster parent. Additionally, this Court stated that the trial court should consider the importance of continuity of relationships and whether any existing parent-child bond can be severed without detrimental effects on the child.

*In re N.A.M.*, 33 A.3d 95, 103 (Pa. Super. 2011) (quotations omitted).

Instantly, the trial court determined that termination would best serve Children's needs and welfare despite there being a bond between Mother and Children. The trial court reasoned that, "[t]he testimony presented a bond between [Children] and Mother, however, Mother's drug use and inability to provide for a basic sober living environment for herself demonstrates her inability to [provide] for [Children's] [p]hysical and emotional needs [and] cannot be met by a merely passive interest in the development of the child[ren]." Trial Court Opinion, 4/28/22, at 5. We agree.

After a thorough review of the record, we conclude that the trial court did not abuse its discretion by involuntarily terminating Mother's parental rights to Children. Our review of the record supports the trial court's conclusion that the totality of circumstances, including Mother's continued drug use, incapacity to parent, and the wellbeing of Children support terminating Mother's parental rights despite the existence of a bond. *In re N.A.M., supra.* We find no abuse of discretion. **D.L.B.**, *supra*.

Decrees affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/12/2022